Albert W. Amstein and William I. Lawson, Appellants, v. Paul H. Davis et al., Appellees.

Gen. No. 38,910.

Opinion filed December 9, 1936.   Rehearing denied December 28, 1936.

RUSSELL, MURPHY & PEARSON, of Chicago, for appellants; JOHN A. RUSSELL, W. W. PEARSON and MARTIN M. NELSON, of Chicago, of counsel.

TOWNLEY, CAMPBELL, CLARK & MILLER, of Chicago, for appellees; MORRIS TOWNLEY, J. ARTHUR MILLER and GLENN G. PAXTON, of Chicago, of counsel.

MR. JUSTICE HEBEL delivered the opinion of the court.

Upon the petition of the plaintiffs an appeal from a judgment entered in the municipal court of Chicago for the defendants notwithstanding the verdict of the jury for the plaintiffs in the sum of $30,000, was allowed by this court. The defendants subsequently in support of their motion to strike from the record the report of the proceedings (otherwise called the bill of exceptions) filed their reasons therefor, together with an affidavit.

From the affidavit it appears that a verdict for the plaintiffs was rendered in the above entitled cause on December 20, 1934; that thereupon the defendants renewed their motion for a directed verdict made both at the close of the plaintiffs' evidence and at the close of all the evidence in said cause, upon which motion the court had reserved its ruling; that judgment, notwithstanding the verdict, was entered for the defendants in said cause in the trial court on May 28, 1935; that thereupon the plaintiffs moved for a new trial and

the hearing on said motion was from time to time continued until on September 18, 1935, an order was entered denying such motion for a new trial.

It also appears from the affidavit that no application was ever made by the plaintiffs in the trial court for an order to extend the time within which a bill of exceptions, or transcript of evidence, or report of the proceedings might be filed, and that no such order was ever entered; that no bill of exceptions, transcript of the evidence, or report of proceedings in the trial court was presented or submitted to the trial judge, or to any other judge of the trial court, for certification within a period of 60 days after May 28, 1935, or within a period of 60 days after September 18, 1935, and that the first time such bill of exceptions, transcript of the evidence or report of the proceedings was presented to the trial judge was on February 29, 1936, at which time the same was marked presented by the trial judge, over the objection of the defendants, and to which action of the trial judge an exception was taken, all of which occurred nine months after the entry of the order from which the plaintiffs are now seeking leave to appeal; and that thereafter, over the objection of the defendants, on March 16, 1936, the trial judge certified the said report of the proceedings, *nunc pro tunc* as of February 29, 1936, and it was thereupon filed. This affidavit is supported by the facts in the record.

The defendants moved the trial court to strike from the record in the above entitled cause what we have denominated the report of trial proceedings, which was presented to the court on the 29th day of February, 1936, and which was certified by the court on the 16th day of March, 1936, for the following reasons:

Judgment was entered for the defendants in the above entitled cause on the 28th day of May, 1935. On the 18th day of September, 1935, plaintiffs' motion for

a new trial, entered after judgment, was overruled. There were no further proceedings in the cause until the plaintiffs presented to the court, on the 29th day of February, 1936, a report of proceedings at the trial, and asked that it be certified by Judge Charles F. McKinley, the judge before whom the cause was tried, and by whom judgment was entered. At the time of the presentation of the above mentioned document, more than 60 days had expired since the entry of the final order in the case; and during the 60-day period after the entry of the final order no extension of time in which to file a report of trial proceedings had been granted by the court, and therefore the court had no jurisdiction to certify the above mentioned document after the expiration of 60 days from the date of the entry of the final order in said cause, as provided in section 38 of the Act of the Legislature of the State of Illinois entitled, ''An act in relation to a municipal court in the city of Chicago,'' Ill. State Bar Stats. 1935, ch. 37, ¶ 426, and there is no rule of the municipal court of the City of Chicago overruling the requirements of said section 38; and if any rule of said court may be construed to overrule the requirements of said section 38, said rule is in violation of the Constitution of 1870 of the State of Illinois.

The ground upon which the defendants base their motion to strike the report of the proceedings from the record in the above entitled cause is that such report of the proceedings was not tendered to the trial judge within 60 days after the entry of the judgment from which leave to appeal is sought, but on the contrary, approximately nine months thereafter.

The defendants rely on section 38 of the Municipal Court Act (ch. 37, ¶ 426, Illinois Revised Statutes, 1935), which section in its present form was approved by a vote of the people of the City of Chicago, and is as follows:

"Bill of exceptions or certificate of evidence. A bill of exceptions [or a certificate of evidence] may be tendered to the judge at any time within sixty (60) days after the entry of [an appealable] order [, judgment or decree] or within such further time thereafter as the court, upon application made therefor within such sixty (60) days [or any extension thereof] may allow."

The motion to strike the report of the proceedings, after due consideration, was allowed upon the grounds asserted. Thereafter the plaintiffs filed a brief wherein it is stated the report of the proceedings is essential to show the errors relied upon by the plaintiffs, and although the report has been stricken, the appeal itself is still pending in this court. Appellants contend that they are thus placed in a somewhat anomalous position because any brief filed must necessarily point to the report of proceedings, and on the other hand if no brief is filed there exists the possibility of the appeal being dismissed on the ground of failure to file briefs. Therefore, plaintiffs are filing their brief and argument herein so as not to endanger their record in the event further proceedings are deemed advisable.

In view of the statement made by these plaintiffs and their suggestion that the questions involved are dependent upon the report of the proceedings, which is not before this court, it is impossible for us to consider the grounds upon which the plaintiffs seek a reversal of the judgment or the errors upon which they rely. Therefore the judgment of the trial court is affirmed.

*Judgment affirmed.*

DENIS E. SULLIVAN, P. J., and HALL, J., concur.